1  ROBERT J. YORIO (SBN 93178)
   ryorio@carrferrell.com
2  COLBY B. SPRINGER (SBN 214868)
   cspringer@carrferrell.com
3  TAM T. PHAM (SBN 229090) (*N.D.Cal. Admission Pending*)
   tpham@carrferrell.com
4  CARR & FERRELL LLP
   2200 Geng Road
5  Palo Alto, California 94303
   Telephone: (650) 812-3400
6  Facsimile:  (650) 812-3444

   E-filing

7  Attorneys for Plaintiff
8  RUCKUS WIRELESS, INC.

9

10                    UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  RUCKUS WIRELESS, INC., a          CASE NO. CV 08 2310 JCS
    Delaware corporation,

14              Plaintiff,            **COMPLAINT FOR PATENT INFRINGEMENT**

15        vs.                        **(U.S. Patent Nos. 7,193,562 and 7,358,912)**

16  NETGEAR, INC., a Delaware         **DEMAND FOR JURY TRIAL**
    corporation; and RAYSPAN
17  CORPORATION, a Delaware
    corporation
18
19              Defendants.

20

21        Plaintiff Ruckus Wireless, Inc. ("RUCKUS") hereby alleges for its complaint against

22  Defendants NETGEAR, Inc. ("NETGEAR") and Rayspan Corporation ("RAYSPAN") (each

23  individually a "DEFENDANT" and collectively "DEFENDANTS") as follows:

24                    **JURISDICTION AND VENUE**

25        1.    The United States District Court for the Northern District of California (the "Court")

26  has jurisdiction over this matter because it is an action for infringement arising under the United

27  States Patent Act (35 U.S.C. § 1 *et seq.*).  Accordingly, the Court has jurisdiction pursuant to 28

28  U.S.C. §§ 1331 and 1338(a).

1    2.    RUCKUS is informed and believes, and thereon alleges, that the DEFENDANTS are
2    subject to personal jurisdiction in the Northern District of California (the "District") because the
3    DEFENDANTS have caused tortious injury in this District by acts committed both inside and
4    outside the District. The DEFENDANTS are further subject to personal jurisdiction in the District
5    because the DEFENDANTS regularly solicit business in the District or derive substantial revenue
6    from sales of goods—including goods infringing the patents-in-suit—in the District. Defendant
7    NETGEAR, too, maintains its headquarters and principal place of business in the District. In any
8    case, the DEFENDANTS have engaged in a persistent course of conduct in the District.

9    3.    Venue for this action is proper in the District pursuant to 28 U.S.C. §§ 1391 and
10   1400 because a significant portion of the NETGEAR and RAYSPAN's infringing activities have
11   occurred in the District. Defendant NETGEAR, too, maintains its headquarters and principal place
12   of business in the District.

### INTRA-DISTRICT ASSIGNMENT

14   4.    For the purposes of Civil L.R. 3-2(c) and (d), this is an Intellectual Property action
15   and may be assigned to any division of the District.

### THE PARTIES

17   5.    RUCKUS is a Delaware corporation that has its principal place of business in
18   Sunnyvale, California. RUCKUS was formed in 2004 with the primary focus to make Wi-Fi
19   sufficiently reliable to be used as a utility in the home, office, hot spots, and around the world.

20   6.    RUCKUS is a pioneer in 'Smart Wi-Fi' technology. RUCKUS' Smart Wi-Fi
21   technology delivers reliable signal quality over an extended range and is capable of automatically
22   adapting to environmental changes in real-time. RUCKUS' patented Smart Wi-Fi technology
23   solves a number of interference and signal range problems by focusing radio frequency (RF) energy
24   and steering it around interference as it is experienced. As a result, RUCKUS Smart Wi-Fi
25   technology allows for a more predictable Wi-Fi signal that reaches farther and that may support
26   delay sensitive applications such as streaming voice and multicast Internet Protocol (IP) video that
27   heretofore had been difficult for Wi-Fi to reliably support.

1    7.    RUCKUS' contributions to Wi-Fi have not gone unnoticed. RUCKUS was named a

2   2007 Technology Pioneer by the World Economic Forum. World Economic Forum Technology

3   Pioneers are "innovators—companies that are developing and applying the most innovative and

4   transformational technologies" and whose work "represents an enormous source of entrepreneurial

5   talent." Technology Pioneers are "at the forefront of change."

6    8.    RUCKUS and its Smart Wi-Fi technologies are the recipients of any number of other

7   awards. These awards include the 2008 SPIFFY Award for Engineering Excellence for RUCKUS'

8   innovative Smart Wi-Fi technology; the CableLabs 2008 Best New Product Idea Most Likely to

9   Succeed; the 2007 NXTComm Eos Award for Home Networking; the 2007 CRN Emerging Vendor

10   Award for delivering innovative and easy-to-use solutions that undercut those of industry giants; the

11   2007 ACE Award for Startup of the Year; the 2007 IPTV World Series Award for Best IPTV

12   Transport Solution; and the CES Innovations 2007 Design and Engineering Award Honoree for

13   unique and novel products that contribute to consumers' quality of life.

14    9.    To date, RUCKUS and its network of distributors and resellers have shipped over

15   half a million Wi-Fi systems to customers around the world. RUCKUS has also procured financing

16   from premier venture capital investors, consumer electronics companies, and broadband operators.

17    10.    RUCKUS' Smart Wi-Fi products have received favorable reviews from a number of

18   publications and reviewing entities including TechWorld; CWNP; Jones-Petrick and Associates;

19   ZD Net; PC World; Network Computing; MSNBC; Hardware Zone; About.com; eWeek; Untangled

20   Life; PC Pro; GadgetCentre.com; Network World; and EDN.

21    11.    RUCKUS' technologies have been adopted by industry giants such as Deutsche

22   Telekom, one of the world's leading telecommunications and information technology service

23   providers offering millions of private and corporate customers a full spectrum of modern

24   information technology and telecommunications services; PCCW, Hong Kong's principal phone

25   company and an IPTV pioneer; Swisscom, Switzerland's leading telecommunications provider;

26   SingTel, Asia's leading communications group with operations and investments in more than 20

27   countries and territories around the world; and Belgacom, the incumbent telephony provider in

28   Belgium delivering IPTV and triple play services to customers throughout the country.

1    12.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR is a

2    Delaware corporation that has its principal place of business at 4500 Great America Parkway, Santa

3    Clara, California. NETGEAR purports to design, develop, and market branded network products

4    that address the specific needs of small and medium business and home users including wireless

5    network products such as wireless routers.

6    13.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN is a

7    Delaware corporation that has its principal place of business at 11975 El Camino Real, Suite 301,

8    San Diego, California. RAYSPAN claims to be the world's leading innovator of revolutionary

9    meta-material air interface solutions for high performance wireless communication networks.

10   RAYSPAN represents that its meta-material technology is integrated into a number of NETGEAR

11   wireless products.

## GENERAL ALLEGATIONS

### *The WPN824v1 and WPN824v2*

14    14.    On or about December 23, 2004, RUCKUS—then operating under the name of

15   Video54 Technologies, Inc.—and NETGEAR entered into a Technology License Agreement. As a

16   part of the Technology License Agreement, NETGEAR agreed to pay RUCKUS a royalty for each

17   and every wireless router sold as a part of the WPN 824 product line and that incorporated certain

18   RUCKUS proprietary technology. That proprietary technology was inclusive of a hardware design

19   for an 802.11g/b wireless access point with a dynamically configurable antenna array for

20   interference mitigation and performance optimization.

21    15.    On January 5, 2005, at the 2005 Consumer Electronics Show in Los Vegas, Nevada,

22   NETGEAR and RUCKUS announced the release of the RangeMax WPN 824v1 wireless router.

23   The RangeMax WPN 824v1 was designed to boost wireless range in home networks and eliminate

24   dead spots thereby improving support for bandwidth-intensive applications such as streaming audio

25   and video, playing online games, and transferring large data files.

26    16.    NETGEAR characterized the RangeMax WPN 824v1 as incorporating seven smart

27   multiple-input-multiple-output (MIMO) antennas to deliver 127 unique antenna patterns that adapt

28   'on the fly' to the network environment by adjusting to RF interference, locations of a client, and

1  physical barriers thereby resulting in extraordinary range and consistent high-speed data transfer
2  performance.

3      17.      According to Patrick Lo, the CEO and Chairman of NETGEAR, by partnering with
4  RUCKUS, NETGEAR was "able to launch the revolutionary RangeMax technology which
5  dynamically optimizes performance to vastly improve the speed and range of the wireless network,
6  supporting the increasing performance demands of the home network for applications such as
7  streaming multimedia content." RUCKUS' technology allowed NETGEAR to address "[o]ne of the
8  pervasive issues encountered in the implementation of wireless networks": "sub-par network
9  performance caused by elements such as RF interference and the physical structure in which the
10  network is running."

11      18.      On March 7, 2005, Vivek Pathela, NETGEAR Senior Director of Product Marketing
12  for Consumer Products, characterized the RUCKUS powered RangeMax WPN824v1 wireless
13  router as "the ideal solution for bandwidth-intensive consumer applications because it is uniquely
14  able to dynamically optimize network connections by adapting on-the-fly to changes in the RF
15  (Radio Frequency) environment such as interference introduced to the environment by turning on a
16  microwave oven or using a 2.4GHz cordless phone." According to Pathela, the RangeMax WPN
17  824v1 utilizes "intelligent antenna overlay technology that enables [the] router to deliver superior
18  coverage, speed and adaptability to changing wireless environments."

19      19.      Following the release of the RangeMax WPN 824v1, NETGEAR requested the
20  research and development support of RUCKUS to develop a second and more cost effective version
21  of the RangeMax wireless router—the WPN 824v2. RUCKUS complied with NETGEAR's request
22  and the WPN 824v2 may be purchased from NETGEAR and any number of NETGEAR resellers.

23      20.      RUCKUS received and continues to receive a royalty on each of the nearly 2 million
24  RangeMax WPN 824v1 and WPN 824v2 routers sold by NETGEAR and/or its resellers in
25  accordance with the December 2004 Technology License Agreement.

26                              *The WPN824v3*

27      21.      On October 31, 2007, the Federal Communications Commission's (FCC) Office of
28  Engineering and Technology (OET) Laboratory Division released certain Certification request

1   information for a new version of NETGEAR's RangeMax Wireless Router—the WPN824v3.

2   RUCKUS was not and has not been involved in the manufacture, design, or production of the WPN

3   824v3. Until the release of the aforementioned information by the FCC OET Laboratory Division,

4   RUCKUS was unaware of the existence of the WPN 824v3. There is no contractual obligation or

5   license by and between RUCKUS and NETGEAR (or any proxy thereof, including but not limited

6   to RAYSPAN) that permits the incorporation of any RUCKUS intellectual property in any

7   NETGEAR WPN product other than the 824v1 and 824v2.

8       22.     NETGEAR characterizes the RangeMax WPN 824v3 as extending wireless network

9   coverage up to ten times that of standard 802.11 due to an advanced intelligent antenna system.

10  These intelligent antennas, according to NETGEAR, continuously scan your home or office and

11  automatically sense obstacles and electronic interference. The antennas, according to NETGEAR,

12  dynamically adjust the wireless signal to compensate and maintain a clear connection.

13      23.     In early February 2008, and following discovery of the pending release of the WPN

14  824v3 via the FCC OET Laboratory Division, William Kish—the co-founder and Chief Technology

15  Officer of RUCKUS—conferred with Patrick Rada—the Senior Principal Wireless Engineer for

16  NETGEAR—concerning the WPN 824v3. During that discussion, William Kish raised concerns

17  with Patrick Rada that the WPN 824v3 embodied certain RUCKUS intellectual property. Patrick

18  Rada indicated to William Kish that NETGEAR was unaware of any RUCKUS patents.

19      24.     On or about February 12, 2008, and following William Kish's discussion with

20  Patrick Rada, Selina Lo—the President and CEO of RUCKUS—met with Patrick Lo of NETGEAR

21  concerning the WPN 824v3. NETGEAR informed RUCKUS that NETGEAR had begun

22  substituting retail sales of the WPN 824v2 with the WPN 824v3. Patrick Lo indicated that

23  NETGEAR would discontinue the manufacture and sale of the WPN 824v1 and WPN 824v2

24  models by the end of 2008 in favor of the WPN 824v3. NETGEAR also indicated that RUCKUS

25  would not receive any licensing royalty revenue from sales of WPN 824v3.

26      25.     When informed by RUCKUS as to the existence of certain patents on intellectual

27  property utilized in the WPN 824v1 and WPN 824v2 as well as the newly released WPN 824v3,

28  NETGEAR indicated that it had undertaken no due diligence with respect to any RUCKUS patents.

1  NETGEAR instead indicated its intent to rely upon the indemnification obligations of the
2  component providers of the WPN 824v3. RUCKUS is informed and believes, and thereon alleges,
3  that RAYSPAN is one of the primary component providers with an indemnification obligation to
4  NETGEAR.

5                                    *The Patents-in-Suit*

6      26.    RUCKUS is the assignee of the entire right, title, and interest in United States patent
7  numbers 7,193,562 (the "'562 Patent") and 7,358,912 (the "'912 Patent") (collectively the "Patents-
8  in-Suit"), which embody certain innovative technologies that have helped make RUCKUS the
9  success that it is today.

10     27.    The '562 Patent issued on March 20, 2007 and is entitled "Circuit Board Having a
11 Peripheral Antenna Apparatus with Selectable Antenna Elements." The '562 Patent discloses an
12 antenna apparatus having selectable antenna elements located near one or more peripheries of a
13 circuit board. The antenna elements produce directional radiation patterns and are coupled to
14 communication circuitry by a switching network. The selection of different combinations of
15 antenna elements results in a configurable radiation pattern, which may include a substantially
16 omnidirectional radiation pattern.

17     28.    The '912 Patent issued April 15, 2008 and is entitled "Coverage Antenna Apparatus
18 with Selectable Horizontal and Vertical Polarization Elements." The '912 Patent discloses an
19 antenna apparatus that includes a first substrate with a first planar element and a second planar
20 element. The first planar element radiates or receives a radio frequency signal in a horizontal
21 polarization. The second planar element radiates or receives the radio frequency signal in a vertical
22 polarization. An antenna element selector communicates the radio frequency signal with a
23 communication device and the first planar element or the second planar element.

24                *DEFENDANTS' Unlawful Conduct Relating to the Patents-in-Suit*

25     29.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR makes,
26 uses, offers to sell, and sells in the United States and imports into the United States wireless routers
27 that infringe the Patents-in-Suit, including but not limited to the RangeMax WPN 824v3.

28

1    30.    NETGEAR's unlawful activities have resulted in an unjust enrichment to

2  NETGEAR and immediate and irreparable harm to RUCKUS. If NETGEAR's unlawful activities

3  are not immediately enjoined, NETGEAR will continue to be unjustly enriched and will continue to

4  irreparably harm RUCKUS. RUCKUS has no adequate remedy at law.

5    31.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN makes,

6  uses, offers to sell, and sells in the United States and imports into the United States components

7  incorporated into wireless routers that infringe the Patents-in-Suit including but not limited to the

8  RangeMax WPN 824v3.

9    32.    RAYSPAN's unlawful activities have resulted in an unjust enrichment to

10  RAYSPAN and immediate and irreparable harm to RUCKUS. If RAYSPAN's unlawful activities

11  are not immediately enjoined, RAYSPAN will continue to be unjustly enriched and will continue to

12  irreparably harm RUCKUS. RUCKUS has no adequate remedy at law.

13                                    **COUNT I**

14              **Infringement of U.S. Patent No. 7,193,562 by NETGEAR and RAYSPAN**

15    33.    RUCKUS repeats and re-alleges each of the allegations set forth in paragraphs 1

16  through 32, as though fully set forth herein.

17    34.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR's actions in

18  making, using, importing, selling, distribution, and offers for sale of the RangeMax 824v3 and

19  possibly other products infringe the '562 Patent. RUCKUS is informed and believes, and thereon

20  alleges, that NETGEAR will continue to do so unless enjoined by the Court.

21    35.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR is actively

22  inducing others to infringe—including but not limited to RAYSPAN—and/or committing acts of

23  contributory infringement of one or more claims of the '562 Patent through NETGEAR's activities

24  related to making, using, importing, distributing, offering for sale, and/or selling the RangeMax

25  WPN 824v3 product and possibly other infringing products in violation of 35 U.S.C. § 271(b) and

26  35 U.S.C. § 271(c), respectively.

27    36.    RUCKUS has been damaged by NETGEAR's infringing conduct and NETGEAR is

28  therefore liable to RUCKUS for actual damages suffered and any profits realized on the sale of the

1  RangeMax WPN 824v3 product and possibly other infringing products, which are not taken into
2  account in the computation of actual damages, as well as any statutory damages, such as treble
3  damages. Moreover, such conduct is likely to cause substantial harm to RUCKUS, unless the Court
4  enjoins the infringing conduct.

5      37.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR's
6  infringement of the '562 Patent has since at least February 2008, and continues to be, deliberate and
7  willful.

8      38.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN's actions in
9  making, using, importing, selling, distribution, and offers for sale of certain components utilized in
10  the RangeMax 824v3 and possibly other products infringe the '562 Patent. RUCKUS is informed
11  and believes, and thereon alleges, that RAYSPAN will continue to do so unless enjoined by the
12  Court.

13      39.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN is actively
14  inducing others to infringe and/or committing acts of contributory infringement of one or more
15  claims of the '562 Patent through RAYSPAN's activities related to making, using, importing,
16  distributing, offering for sale, and/or selling components utilized in the RangeMax WPN 824v3
17  product and possibly other infringing products in violation of 35 U.S.C. § 271(b) and 35 U.S.C. §
18  271(c), respectively.

19      40.    RUCKUS has been damaged by RAYSPAN's infringing conduct and RAYSPAN is
20  therefore liable to RUCKUS for actual damages suffered and any profits realized on the sale of the
21  RangeMax WPN 824v3 product and possibly other infringing products, which are not taken into
22  account in the computation of actual damages, as well as any statutory damages, such as treble
23  damages. Moreover, such conduct is likely to cause substantial harm to RUCKUS, unless the Court
24  enjoins the infringing conduct.

25      41.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN's
26  infringement of the '562 Patent has been, and continues to be, deliberate and willful.

27      WHEREFORE, RUCKUS prays for relief as set forth herein.

28

1

## COUNT II

2

### Infringement of U.S. Patent No. 7,358,912 by NETGEAR and RAYSPAN

3        42.    RUCKUS repeats and re-alleges each of the allegations set forth in paragraphs 1
4    through 41, as though fully set forth herein.

5        43.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR's actions in
6    making, using, importing, selling, distribution, and offers for sale of the RangeMax 824v3 and
7    possibly other products infringe the '912 Patent. RUCKUS is informed and believes, and thereon
8    alleges, that NETGEAR will continue to do so unless enjoined by the Court.

9        44.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR is actively
10   inducing others to infringe—including but not limited to RAYSPAN—and/or committing acts of
11   contributory infringement of one or more claims of the '912 Patent through its activities related to
12   making, using, importing, distributing, offering for sale, and/or selling the RangeMax WPN 824v3
13   product and possibly other infringing products in violation of 35 U.S.C. § 271(b) and 35 U.S.C. §
14   271(c), respectively.

15       45.    RUCKUS has been damaged by NETGEAR's infringing conduct and NETGEAR is
16   therefore liable to RUCKUS for actual damages suffered and any profits realized on the sale of the
17   RangeMax WPN 824v3 product and possibly other infringing products, which are not taken into
18   account in the computation of actual damages, as well as any statutory damages, such as treble
19   damages. Moreover, such conduct is likely to cause substantial harm to RUCKUS, unless the Court
20   enjoins the infringing conduct.

21       46.    RUCKUS is informed and believes, and thereon alleges, that NETGEAR's
22   infringement of the '912 Patent has since at least February 2008, and continues to be, deliberate and
23   willful.

24       47.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN's actions in
25   making, using, importing, selling, distribution, and offers for sale of certain components utilized in
26   the RangeMax 824v3 and possibly other products infringe the '912 Patent. RUCKUS is informed
27   and believes, and thereon alleges, that RAYSPAN will continue to do so unless enjoined by the
28   Court.

1       48.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN is actively

2   inducing others to infringe and/or committing acts of contributory infringement of one or more

3   claims of the '912 Patent through its activities related to making, using, importing, distributing,

4   offering for sale, and/or selling components utilized in the RangeMax WPN 824v3 product and

5   possibly other infringing products in violation of 35 U.S.C. § 271(b) and 35 U.S.C. § 271(c),

6   respectively.

7       49.    RUCKUS has been damaged by RAYSPAN's infringing conduct and RAYSPAN is

8   therefore liable to RUCKUS for actual damages suffered and any profits realized on the sale of the

9   RangeMax WPN 824v3 product and possibly other infringing products, which are not taken into

10  account in the computation of actual damages, as well as any statutory damages, such as treble

11  damages. Moreover, such conduct is likely to cause substantial harm to RUCKUS, unless the Court

12  enjoins the infringing conduct.

13      50.    RUCKUS is informed and believes, and thereon alleges, that RAYSPAN's

14  infringement of the '912 Patent has been, and continues to be, deliberate and willful.

15      WHEREFORE, RUCKUS prays for relief as set forth herein.

16                        **PRAYER FOR RELIEF**

17      WHEREFORE, RUCKUS requests entry of judgment in their favor and against the

18  DEFENDANTS and each of them as follows:

19      A.    On Count I, declaring that Defendants NETGEAR and RAYSPAN, and each of

20  them, has infringed one or more claims of the '562 Patent;

21      B.    On Count I, preliminarily and/or permanently enjoining Defendants NETGEAR and

22  RAYSPAN, and each of them, and their officers, agents, servants, employees, and attorneys, and all

23  persons acting in active concert or participation with them, from further infringing, contributing to,

24  and/or inducing the infringement of the '562 Patent, in accordance with 35 U.S.C. § 283;

25      C.    On Count I, awarding RUCKUS a reasonable royalty in an amount adequate to

26  compensate RUCKUS for NETGEAR and RAYSPAN's infringement, in accordance with 35

27  U.S.C. § 154;

28

1      D.     On Count I, awarding RUCKUS damages in an amount adequate to compensate

2  RUCKUS for NETGEAR and RAYSPAN's infringement, in accordance with 35 U.S.C. § 284;

3      E.     On Count I, increasing the damages to three times the amount found or assessed by

4  virtue of the deliberate and willful nature of NETGEAR's infringement, in accordance with 35

5  U.S.C. § 284;

6      F.     On Count II, declaring that Defendants NETGEAR and RAYSPAN, and each of

7  them, has infringed one or more claims of the '912 Patent;

8      G.    On Count II, preliminarily and/or permanently enjoining Defendants NETGEAR and

9  RAYSPAN, and each of them, and their officers, agents, servants, employees, and attorneys, and all

10  persons acting in active concert or participation with them, from further infringing, contributing to,

11  and/or inducing the infringement of the '912 Patent, in accordance with 35 U.S.C. § 283;

12      H.    On Count II, awarding RUCKUS a reasonable royalty in an amount adequate to

13  compensate RUCKUS for NETGEAR and RAYSPAN's infringement, in accordance with 35

14  U.S.C. § 154;

15      I.     On Count II, awarding RUCKUS damages in an amount adequate to compensate

16  RUCKUS for NETGEAR and RAYSPAN's infringement, in accordance with 35 U.S.C. § 284;

17      J.     On Count II, increasing the damages to three times the amount found or assessed by

18  virtue of the deliberate and willful nature of NETGEAR's infringement, in accordance with 35

19  U.S.C. § 284;

20      K.    On all counts, for actual damages according to proof;

21      L.     On all counts, for interest on all the foregoing amounts, at the legal rate, with effect

22  from the due date for payment;

23      M.    On all counts, awarding RUCKUS its costs of suit, including reasonable attorneys'

24  fees; and

25  ///

26  ///

27  ///

28  ///

1        N.        On all counts, granting such other and further relief as this Court may deem just and

2    appropriate.

3

4    Dated: May 5, 2008                              CARR & FERRELL LLP

5

6                                                    By: _____
                                                         ROBERT J. YORIO (SBN 93178)
7                                                        COLBY B. SPRINGER (SBN 214868)
                                                         TAM T. PHAM (SBN 229090)
8

9                                                    *Attorneys for Plaintiff*
                                                     RUCKUS WIRELESS, INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR PATENT INFRINGEMENT

1

## DEMAND FOR JURY TRIAL

2

3            Plaintiffs hereby demand trial by jury of all issues so triable.

4

5    Dated: May 5, 2008                        CARR & FERRELL LLP

6
                                         By: _____
7                                            ROBERT J. YORIO (SBN 93178)
                                             COLBY B. SPRINGER (SBN 214868)
8                                            TAM T. PHAM (SBN 229090)

9
                                         *Attorneys for Plaintiff*
10                                           RUCKUS WIRELESS, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        -14-
                        COMPLAINT FOR PATENT INFRINGEMENT

E-filing

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS

RUCKUS WIRELESS, INC., a Delaware corporation

## DEFENDANTS

NETGEAR, INC., a Delaware corporation; and RAYSPAN CORPORATION, a Delaware corporation

**(b)** County of Residence of First Listed Plaintiff  Santa Clara County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Santa Clara County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Carr & Ferrell LLP
2200 Geng Road
Palo Alto, CA 94303
Telephone: (650) 812-3400

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☒ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☒ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | | ☐ 892 Economic Stabilization Act |
| | | | ☐ 740 Railway Labor Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | Act |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | or Defendant) | ☐ 900Appeal of Fee |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus – | | ☐ 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | ☐ 440 Other Civil Rights | | ☐ 465 Other Immigration | | |
| | | | Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 another district (specify)

Transferred from

☐ 6 Multidistrict Litigation

Appeal to District
☐ 7 Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
35 U.S.C. Section1, et. seq.

Brief description of cause:
Patent Infringement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**    ☒ Yes☐ No

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

☒ SAN FRANCISCO/OAKLAND        ☐ SAN JOSE

DATE
May 5, 2008

SIGNATURE OF ATTORNEY OF RECORD