1  David M. Barkan (State Bar No. 160825)
     barkan@fr.com
2  Joshua M. Masur (State Bar No. 203510)
     masur@fr.com
3  Thomas B. Manuel (State Bar No. 254186)
     manuel@fr.com
4  FISH & RICHARDSON P.C.
   500 Arguello Street
5  Suite 500
   Redwood City, California 94063-1526
6  Telephone:  (650) 839-5070
   Facsimile:  (650) 839-5071

7

8  Attorneys for Defendant and Counterclaimant
   RAYSPAN CORPORATION

9

10

11                 UNITED STATES DISTRICT COURT

12                NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14  RUCKUS WIRELESS, INC., a Delaware         Case No. 3:08-cv-2310-PJH
    corporation,
15                     Plaintiff and
                       Counterdefendant,
16                                            **RAYSPAN CORPORATION'S ANSWER
         v.                                   AND COUNTERCLAIMS TO FIRST
17                                            AMENDED COMPLAINT FOR PATENT
    NETGEAR, INC., a Delaware corporation; and  INFRINGEMENT**
18  RAYSPAN CORPORATION, a Delaware
    corporation,                              **DEMAND FOR JURY TRIAL**
19
                       Defendants and
20                     Counterclaimants.

21

22

23        Defendant and Counterclaimant Rayspan Corporation ("RAYSPAN"), by and through its

24  attorneys, hereby answers Plaintiff and Counterdefendant Ruckus Wireless, Inc.'s ("RUCKUS'")

25  First Amended Complaint for Patent Infringement (the "Complaint"), filed on May 28, 2008.

26  Except as expressly admitted below, RAYSPAN denies every allegation in RUCKUS' Complaint.

27  Any factual allegation below is admitted only as to the specific, admitted fact and not as to any

28  purported conclusions, characterizations, implications, or speculations that arguably follow from

the admitted facts.  With respect to the specific grounds of allegation, RAYSPAN responds with numbered paragraphs corresponding to the numbered paragraphs of the Complaint as follows:

1.      RAYSPAN admits that this Court has subject matter jurisdiction over the instant matter, but denies the substance of the underlying allegations.

2.      RAYSPAN admits that it is subject to personal jurisdiction in this District for purposes of this action.  RAYSPAN lacks sufficient information to admit or deny the allegations regarding Defendant and Counterclaimant NETGEAR, Inc. ("NETGEAR").  Except as expressly admitted, RAYSPAN denies the allegations of paragraph 2.

3.      RAYSPAN admits that venue is proper in this District, but denies that any acts of infringement involving RAYSPAN technology, or NETGEAR products incorporating RAYSPAN technology, have occurred.  RAYSPAN lacks sufficient information to admit or deny the allegations regarding NETGEAR.  Except as expressly admitted, RAYSPAN denies the allegations of paragraph 3.

4.      RAYSPAN admits that this is an Intellectual Property action for purposes of the intradistrict assignment provisions of the Civil Local Rules.

5.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 5.

6.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 6.

7.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 7.

8.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

10.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 10.

11.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 11.

12.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12.

13.    RAYSPAN admits that it is a Delaware corporation, and that its principal place of business is located at 11975 El Camino Real, Suite 301, San Diego, California.  RAYSPAN further admits that it is the world's leading innovator of revolutionary metamaterial air interface solutions for high performance wireless communication networks.  RAYSPAN admits that its technology is integrated into certain NETGEAR wireless products.  Except as expressly admitted, RAYSPAN denies the allegations of paragraph 13.

14.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14.

15.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15.

16.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16.

17.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17.

18.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18.

19.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19.

20.    RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20.

21.    RAYSPAN admits that RUCKUS and RAYSPAN have never executed a formal express contract.  Except as so expressly admitted, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21.

22.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22.

23.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23.

24.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24.

25.      RAYSPAN admits that it provides air interface component designs that are incorporated in the NETGEAR WPN824v3, and that its agreement with NETGEAR contains provisions that relate to indemnity in certain circumstances.  Except as so expressly admitted, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25.

26.      RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26.

27.      RAYSPAN admits that paragraph 27 quotes from or paraphrases language from the '562 Patent, but denies that paragraph 27 accurately or completely describes the claims or disclosure of the '562 patent.

28.      RAYSPAN admits that paragraph 28 quotes from or paraphrases language from the '912 Patent, but denies that paragraph 28 accurately or completely describes the claims or disclosure of the '912 patent.

29.      To the extent that the allegations of paragraph 29 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 29.  To the extent that the allegations of paragraph 29 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29.

30.      To the extent that the allegations of paragraph 30 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the

allegations of paragraph 30.  To the extent that the allegations of paragraph 30 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 30.

31.     RAYSPAN denies the allegations of paragraph 31.

32.     RAYSPAN denies the allegations of paragraph 32.

## COUNT I

33.     RAYSPAN repeats and incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 32.

34.     To the extent that the allegations of paragraph 34 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 34.  To the extent that the allegations of paragraph 34 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 34.

35.     To the extent that the allegations of paragraph 35 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 35.  To the extent that the allegations of paragraph 35 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 35.

36.     To the extent that the allegations of paragraph 36 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 36.  To the extent that the allegations of paragraph 36 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 36.

37.     To the extent that the allegations of paragraph 37 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 37.  To the extent that the allegations of paragraph 37 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 37.

38.     RAYSPAN denies the allegations of paragraph 38.

39.     RAYSPAN denies the allegations of paragraph 39.

40.     RAYSPAN denies the allegations of paragraph 40.

41.     RAYSPAN denies the allegations of paragraph 41.

<u>**COUNT II**</u>

42.     RAYSPAN repeats and incorporates by reference, as though fully set forth herein, its responses to paragraphs 1 through 41.

43.     To the extent that the allegations of paragraph 43 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 43.  To the extent that the allegations of paragraph 43 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 43.

44.     To the extent that the allegations of paragraph 44 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 44.  To the extent that the allegations of paragraph 44 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 44.

45.     To the extent that the allegations of paragraph 45 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the

allegations of paragraph 45.  To the extent that the allegations of paragraph 45 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 45.

46.      To the extent that the allegations of paragraph 46 are directed to NETGEAR products that incorporate RAYSPAN air interface component designs, RAYSPAN denies the allegations of paragraph 46.  To the extent that the allegations of paragraph 46 are directed to NETGEAR products that do not incorporate RAYSPAN air interface component designs, RAYSPAN lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 46.

47.      RAYSPAN denies the allegations of paragraph 47.

48.      RAYSPAN denies the allegations of paragraph 48.

49.      RAYSPAN denies the allegations of paragraph 49.

50.      RAYSPAN denies the allegations of paragraph 50.

## PRAYER FOR RELIEF

51.      WHEREFORE, RAYSPAN denies that RUCKUS is entitled to the requested relief or any other relief.

## AFFIRMATIVE DEFENSES

RAYSPAN asserts the following affirmative defenses in response to RUCKUS' First Amended Complaint.  RAYSPAN reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

### First Affirmative Defense
### (Non-Infringement)

52.      RAYSPAN has not infringed and does not currently infringe, either directly or indirectly, any claim of the Patents-in-Suit.

**Second Affirmative Defense**
**(Invalidity)**

53.    Each of the Patents-in-Suit is invalid because it fails to satisfy the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, without limitation, sections 101, 102, 103, and 112 thereof.

**Third Affirmative Defense**
**(Prosecution History Estoppel)**

54.    RUCKUS is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the Patents-in-Suit, from asserting any interpretation of the claims of the Patents-in-Suit that would be broad enough to cover any of RAYSPAN's products or activities.

## COUNTERCLAIMS

RAYSPAN, for its counterclaims against RUCKUS, states and alleges as follows:

### Nature of the Action

55.    This counterclaim seeks a declaratory judgment of non-infringement and invalidity as to each of the Patents-in-Suit.  RAYSPAN seeks judgment under the patent laws of the United States, 35 U.S.C. § 101, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### The Parties

56.    RAYSPAN is a Delaware corporation, with its principal place of business located at 11975 El Camino Real, Suite 301, San Diego, California.  RAYSPAN is the world's leading innovator of revolutionary metamaterial air interface solutions for high performance wireless communication networks.

57.    Upon information and belief, RUCKUS is a Delaware corporation that has its principal place of business in Sunnyvale, California.

### Jurisdiction and Venue

58.    This Court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

59.    RUCKUS has consented to personal jurisdiction by pursuing an action for patent infringement in this judicial district, as set forth in RUCKUS' First Amended Complaint. RUCKUS also maintains its headquarters and principal place of business in this District.

60.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

**First Counterclaim for Relief**
**Declaratory Judgment of Non-Infringement of the '562 Patent**

61.    RAYSPAN has not infringed and does not currently infringe, either directly or indirectly, any claim of the '562 patent.

**Second Counterclaim for Relief**
**Declaratory Judgment of Invalidity of the '562 Patent**

62.    The '562 patent is invalid and unenforceable because it fails to satisfy the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, without limitation, sections 101, 102, 103, and 112 thereof.

**Third Counterclaim for Relief**
**Declaratory Judgment of Prosecution History Estoppel Controlling the '562 Patent**

63.    RUCKUS is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '562 patent, from asserting any interpretation of the claims of the '562 patent that would be broad enough to cover any of RAYSPAN's products or activities.

**Fourth Counterclaim for Relief**
**Declaratory Judgment of Non-Infringement of the '912 Patent**

64.    RAYSPAN has not infringed and does not currently infringe, either directly or indirectly, any valid claim of the '912 patent.

**Fifth Counterclaim for Relief**
**Declaratory Judgment of Invalidity of the '912 Patent**

65.    The '912 patent is invalid and unenforceable because it fails to satisfy the requirements of the Patent Act, 35 U.S.C. § 101, *et seq.*, including, without limitation, sections 101, 102, 103, and 112 thereof.

### Sixth Counterclaim for Relief
### Declaratory Judgment of Prosecution History Estoppel Controlling the '912 Patent

66.     RUCKUS is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the '912 patent, from asserting any interpretation of the claims of the '912 patent that would be broad enough to cover any of RAYSPAN's products or activities.

### **PRAYER FOR RELIEF**

WHEREFORE, RAYSPAN respectfully requests that the Court enter judgment in RAYSPAN's favor and against RUCKUS and provide RAYSPAN the following relief:

1.     A declaration that RAYSPAN has not infringed and is not infringing, either directly, indirectly, or otherwise, any valid claim of the '562 patent or the '912 patent;

2.     A declaration that the claims of the '562 patent and the '912 patent are invalid;

3.     A permanent injunction preventing RUCKUS, including their officers, agents, employees, and all persons acting in concert or participation with them, from charging that any of the patents-in-suit is infringed by RAYSPAN;

4.     A declaration that this case is exceptional for purposes of 28 U.S.C. § 285;

5.     An award of reasonable attorney fees and costs to RAYSPAN under, but not limited to, 28 U.S.C. § 285; and

6.     An award of any further relief that the Court deems just and proper.

1

## JURY DEMAND

2

RAYSPAN hereby demands a trial by jury on all issues appropriately triable by a jury.

3

4

Dated:  July 17, 2008                                        FISH & RICHARDSON P.C.

5

6                                                                        By: */s/ David M. Barkan*
7                                                                              David M. Barkan

8                                                                        Attorneys for Defendant and Counterclaimant
                                                                         RAYSPAN CORPORATION

9

10
*Pursuant to General Order 45, section X.B., the filer hereby attests that concurrence in the filing of*
11  *the document has been obtained from each signatory above.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RAYSPAN CORPORATION'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT
Case No. 3:08-cv-2310-PJH