1   ROBERT J. YORIO (SBN 93178)
    ryorio@carrferrell.com
2   COLBY B. SPRINGER (SBN 214868)
    cspringer@carrferrell.com
3   TAM T. PHAM (SBN 229090)
    tpham@carrferrell.com
4   CARR & FERRELL LLP
    2200 Geng Road
5   Palo Alto, California 94303
    Telephone: (650) 812-3400
6   Facsimile:  (650) 812-3444

7   Attorneys for Plaintiff and Counterclaim Defendant
    RUCKUS WIRELESS, INC.
8

9                     UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12  RUCKUS WIRELESS, INC.,  a Delaware        CASE NO. C 08-02310 PJH
    corporation,
                                              **ANSWER  TO DEFENDANT**
13         Plaintiff / Counterclaim Defendant, **NETGEAR'S COUNTERCLAIMS**

14         vs.

15  NETGEAR, INC., a Delaware corporation; and **JURY TRIAL DEMANDED**
    RAYSPAN CORPORATION, a Delaware
16  corporation

17         Defendants / Counterclaimants.

18

19         Plaintiff and Counterclaim Defendant RUCKUS WIRELESS, INC. ("RUCKUS"), by and

20  through its attorneys of record, answers the Counterclaims of Defendant and Counterclaimant

21  NETGEAR, Inc. ("COUNTERCLAIMANT") filed in the above-captioned action.

22                          **NATURE OF THE ACTION**

23         1.    RUCKUS acknowledges and admits that COUNTERCLAIMANT, in paragraph 55,

24  brings counterclaims seeking a declaratory judgment concerning the purported non-infringement

25  and invalidity as to each of the Patents-in-Suit.  COUNTERCLAIMANT purports to do so under

26  the patent laws of the United States, 35 U.S.C. § 101, et seq., and the Declaratory Judgment Act, 28

27  U.S.C. §§ 2201 and 2202.  While acknowledging and admitting as to the nature of this action,

28  RUCKUS denies that any said action has merit,

                                    -1-

RUCKUS' ANSWER TO DEFENDANT NETGEAR'S COUNTERCLAIMS
CASE NO. C 08-02310 PJH

1

**THE PARTIES**

2.    RUCKUS admits that COUNTERCLAIMANT is a Delaware corporation with its principal place of business located at 4500 Great America Parkway, Santa Clara, California. RUCKUS admits that COUNTERCLAIMANT purports to market branded network products for small businesses and homes.  Except as expressly admitted herein, RUCKUS is without sufficient information or knowledge to form a belief as to the truth or falsity of the remaining allegations within paragraph 56, and on that basis deny the remaining allegations of paragraph 56.

3.    RUCKUS admits the allegations in paragraph 57 of the Counterclaims.

**JURISDICTION AND VENUE**

4.    RUCKUS admits the allegations in paragraph 58 of the Counterclaims.

5.    RUCKUS admits the allegations in paragraph 59 of the Counterclaims.

6.    RUCKUS admits the allegations in paragraph 60 of the Counterclaims.

**FIRST COUNTERCLAIM**

7.    RUCKUS denies the allegations of paragraph 61 of the Counterclaims.

**SECOND COUNTERCLAIM**

8.    RUCKUS denies the allegations of paragraph 62 of the Counterclaims.

**THIRD COUNTERCLAIM**

9.    RUCKUS denies the allegations of paragraph 63 of the Counterclaims.

**FOURTH COUNTERCLAIM**

10.    RUCKUS denies the allegations of paragraph 64 of the Counterclaims.

**FIFTH COUNTERCLAIM**

11.    RUCKUS denies the allegations of paragraph 65 of the Counterclaims.

-2-

## SIXTH COUNTERCLAIM

12.     RUCKUS denies the allegations of paragraph 66 of the Counterclaims.

## ANSWER TO COUNTERCLAIMANT'S PRAYER FOR RELIEF

13.     RUCKUS denies that COUNTERCLAIMANT is entitled to any relief whatsoever from RUCKUS or this Court, either as requested in the Counterclaims or as might otherwise be available in equity or at law.

## GENERAL DENIAL

14.     RUCKUS further denies each and every allegation contained in the Counterclaims to which RUCKUS has not specifically responded.

## AFFIRMATIVE DEFENSES

15.     RUCKUS asserts the following affirmative defenses and reserves the right to allege additional defenses as they are discovered.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

16.     As a separate and first affirmative defense to the Counterclaims, and to each claim for relief against RUCKUS set forth therein, RUCKUS alleges that the Counterclaims fail to state facts sufficient to support any claim upon which relief can be granted against RUCKUS.

## SECOND AFFIRMATIVE DEFENSE
### (Waiver)

17.     As a separate and second affirmative defense to the Counterclaims and to each claim for relief against RUCKUS set forth therein, RUCKUS alleges upon information and belief that COUNTERCLAIMANT is barred in whole or in part due to the doctrine of waiver.

-3-

RUCKUS' ANSWER TO DEFENDANT NETGEAR'S COUNTERCLAIMS
CASE NO. C 08-02310 PJH

1

## **THIRD AFFIRMATIVE DEFENSE**

2

### **(Estoppel)**

3        18.      As a separate and third affirmative defense to the Counterclaim and to each claim for

4   relief against RUCKUS set forth therein, RUCKUS alleges upon information and belief that

5   COUNTERCLAIMANT is barred in whole or in part due to the doctrine of estoppel.

6

7        19.      RUCKUS reserves the right to supplement its Answer to COUNTERCLAIMANT'S

8   Counterclaims, including, but not limited to, adding additional affirmative defenses that become

9   known through the course of discovery.

10

11        WHEREFORE, Plaintiff and Counter-Defendant RUCKUS WIRELESS, INC. hereby prays

as follows:

12        1.      That COUNTERCLAIMANT take nothing and be afforded no equitable relief or

13              otherwise by reason of their Counterclaims.

14        2.      For costs of suit herein incurred.

15        3.      For such other relief as the Court may deem just.

16

17

18                                                          Respectfully submitted,

19   Dated:  August 8, 2008                         CARR & FERRELL LLP

20

21                                                  By:  _____ /s/ Colby B. Springer _____
                                                         ROBERT J. YORIO (SBN 93178)
22                                                       COLBY B. SPRINGER (SBN 214868)
                                                         TAM T. PHAM (SBN 229090)
23                                                       CARR & FERRELL LLP
                                                         2200 Geng Road
24                                                       Palo Alto, California 94303
                                                         Telephone:     (650) 812-3400
25                                                       Facsimile:     (650) 812-3444

26
                                                         Attorneys for Plaintiff and Counter-Defendant
27                                                       RUCKUS WIRELESS, INC.

28

-4-

RUCKUS' ANSWER TO DEFENDANT NETGEAR'S COUNTERCLAIMS
CASE NO. C 08-02310 PJH

1

**DEMAND FOR JURY TRIAL**

2      Plaintiff and Counter-Defendant RUCKUS WIRELESS, INC. hereby demands a jury trial

3    of all issues in the above-captioned action that are triable to a jury.

4

5                                          Respectfully submitted,

6    Dated:  August 8, 2008              CARR & FERRELL LLP

7

8                                   By:_____/s/ Colby B. Springer_____

9                                        ROBERT J. YORIO (SBN 93178)
                                         COLBY B. SPRINGER (SBN 214868)

10                                       TAM T. PHAM (SBN 229090)
                                         CARR & FERRELL LLP

11                                       2200 Geng Road
                                         Palo Alto, California 94303

12                                       Telephone:    (650) 812-3400
                                         Facsimile:    (650) 812-3444

13

14                                       Attorneys for Plaintiff and Counter-Defendant
                                         RUCKUS WIRELESS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RUCKUS' ANSWER TO DEFENDANT NETGEAR'S COUNTERCLAIMS
CASE NO. C 08-02310 PJH

CASE NAME: *Ruckus Wireless, Inc. v. Netgear, Inc., et al.*

### PROOF OF SERVICE

I am a citizen of the United States. My business address is 2200 Geng Road, Palo Alto, California 94303. I am employed in the county of Santa Clara where this service occurs. I am over the age of 18 years and not a party to the within cause. I am readily familiar with my employer's normal business practice for collection and processing of correspondence for mailing with the U.S. Postal Service, and that practice is that correspondence is deposited with the U.S. Postal Service the same day as the day of collection in the ordinary course of business.

On the date set forth below, following ordinary business practice, I served a true copy of the foregoing document(s) described as:

### ANSWER  TO DEFENDANT NETGEAR'S COUNTERCLAIMS;
### JURY TRIAL DEMANDED

☒  (BY MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Palo Alto, California.

Gari L. Cheever
Gunderson Dettmer et al LLP
11682 El Camino Real #100
San Diego, CA 92130
    Attorneys for Defendants
    *NETGEAR, INC., and RAYSPAN CORPORATION*

☒  (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on August 8, 2008 at Palo Alto, California.

                    /s/
                 Christine Blaufus

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

{00328043v1}

RUCKUS' ANSWER TO DEFENDANT NETGEAR'S COUNTERCLAIMS
CASE NO. C 08-02310 PJH