| | |
|---|---|
| ROBERT J. YORIO (SBN 93178) | DAVID M. BARKAN (State Bar No. 160825) |
| ryorio@carrferrell.com | barkan@fr.com |
| COLBY B. SPRINGER (SBN 214868) | JOSHUA M. MASUR (State Bar No. 203510) |
| cspringer@carrferrell.com | masur@fr.com |
| TAM THANH T. PHAM (SBN 229090) | THOMAS B. MANUEL (State Bar No. 254186) |
| tpham@carrferrell.com | manuel@fr.com |
| CARR & FERRELL LLP | FISH & RICHARDSON P.C. |
| 2200 Geng Road | 500 Arguello Street, Suite 500 |
| Palo Alto, California 94303 | Redwood City, California 94063-1526 |
| Telephone: (650) 812-3400 | Telephone: (650) 839-5070 |
| Facsimile: (650) 812-3444 | Facsimile: (650) 839-5071 |

Attorneys for Plaintiff and Counterclaim Defendant *RUCKUS WIRELESS, INC.*

Attorneys for Defendants and Counterclaimants *NETGEAR, INC. and RAYSPAN CORPORATION*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RUCKUS WIRELESS, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NETGEAR, INC., a Delaware corporation; and RAYSPAN CORPORATION, a Delaware corporation,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. C 08-02310 PJH<br><br>**JOINT STATUS REPORT**<br><br>Judge: Hon. Phyllis J. Hamilton |

　　　　Plaintiff and Counterclaim Defendant Ruckus Wireless, Inc. ("RUCKUS" or "Plaintiff") and Defendants and Counterclaimants NETGEAR, Inc. ("NETGEAR") and Rayspan Corporation ("RAYSPAN") (each individually a "Defendant" and collectively "Defendants") submit this Joint Status Report pursuant to Judge Hamilton's Order Staying Case Pending *Inter Partes*

Reexamination, dated November 25, 2008.  Plaintiff and Defendants are collectively referred to herein as the "Parties."

**1.      Status:**

On November 25, 2008, Judge Hamilton issued an order ("Order") staying the action pending completion of the inter partes reexamination of U.S. Patents No. 7,193,562 ("the '562 Patent") and 7,358,912 ("the '912 Patent").  The Order stated that "[t]he Parties shall file a status report with the Court every 6 months."

### A.      Petition for Reexamination

Defendants filed petitions for *inter partes* reexamination of the '562 Patent and '912 Patent in the United States Patent Office on September 4, 2008.

### B.      Reexamination of '562 Patent

In response to Defendants' petition for *inter partes* reexamination of the '562 Patent, the United States Patent Office granted reexamination of claims 11-17.  The United States Patent Office denied reexamination of claims 1-10 and 18-39 of the '562 Patent finding that there was no substantial new question of patentability that warranted reexamination of those claims.

The United States Patent Office, concurrent with its decision to reexamine claims 11-17, issued an Action Closing Prosecution.  In the Action Closing Prosecution, the United States Patent Office indicated that it had conducted reexamination of claims 11-17 of the '562 Patent.  As a result of that reexamination, the United States Patent Office confirmed—without the need for amendment—the patentability of claims 11-17 of the '562 Patent.

The Defendants filed a petition for review of the United States Patent Office's refusal to conduct reexamination of claims 1-10 and 18-36 of the '562 Patent.  That petition remains pending before the United States Patent Office; no decision has yet been rendered.  With respect to claims 11-17, the Patent Office decision confirming patentability is not yet appealable but will become so once the Patent Office issues a Right of Appeal Notice ("RAN") under 37 C.F.R. 1.953.  Defendants have informed the Plaintiff that they intend to file an appeal to the decision regarding

claims 11-17 as soon as the Patent Office issues the necessary RAN Order that will make an appeal procedurally ripe.

### C. Reexamination of '912 Patent

Reexamination of claims 1-17 of the '912 Patent was granted December 2, 2009.

The United States Patent Office issued a non-final action on March 19, 2009 ("Non-Final Action"). In the Non-Final Action, the United States Patent Office indicated that it had reexamined claims 1-17 of the '912 Patent. The United States Patent and Trademark Office further indicated that claims 7 and 8 of the '912 Patent were patentable without amendment (albeit dependent upon a rejected base claim). The United States Patent and Trademark Office has preliminarily rejected claims 1-6 and 9-17 of the '912 Patent. A response to the Non-Final Action was filed May 19, 2009. The Defendants are entitled to file comments with respect to the Non-Final Action and the Plaintiff's response.

### 2. Comments by Plaintiff:

The Plaintiff contends that the Patent Office's refusal to re-examine claims 1-10 and 18-39 of the '562 Patent in conjunction with the re-examination and affirmation as to the patentability of claims 11-17 *without the need for amendment* is indicative that the '562 Patent will successfully emerge from re-examination. The Plaintiff notes that U.S. patent application number 11/714,707, which is a direct continuation of the '562 Patent, issued as U.S. patent number 7,525,486. U.S. patent 7,525,486 issued after the United States Patent Office considered all of the references identified by the Defendants in the *inter partes* re-examination of the '562 Patent. The Plaintiff contends that any petitions and appeals are mere dilatory efforts meant to delay the present litigation. The Plaintiff respectfully requests that the Court revisit the previously granted stay and consider lifting the same with respect to the Defendants' infringement of the '562 Patent or at least the litigation of claims 11-17, which have been re-examined and found patentable without amendment. The Plaintiff is amenable to bifurcating litigation of the '562 Patent (or certain claims thereof) from that of the '912 Patent, which remains under re-examination.

3. **<u>Comments by Defendant:</u>**

The reexamination proceeding regarding the '912 patent is well underway and the '912 patent claims currently stand rejected. The likelihood that the '912 patent will emerge unchanged during reexamination is very remote. In short, nothing has changed that should impact the procedural status of the stayed litigation in this Court. First, Ruckus' passing suggestion that it would be willing to "bifurcate" the '912 patent makes little sense. Ruckus has accused the same products on both the '912 and '562 patents and bifurcation would simply force the parties to bear the costs of litigation twice over. Defendants believe that bifurcation would waste both the Court's and the parties resources while doing nothing to materially advance resolution of the overall dispute between Ruckus and the Defendants.

Second, as to the '562 patent, what Ruckus unfairly calls a "dilatory tactic" is in fact the Defendants' exercise of their Congressionally legislated right to appeal an adverse decision by the Patent Examiner in an inter partes reexamination proceeding. Indeed, once the Patent Office issues the mandatory procedural order called a "Right of Appeal Notice" regarding claims 11-17, then Defendants can first appeal to the Board of Patent Appeals pursuant to 35 U.S.C. Section 134(c). If that appeal is unsuccessful, Defendants can then appeal to the Federal Circuit pursuant to 35 U.S.C. Section 141. Indeed, that is why any prior art estoppel arising from an inter partes reexamination does not attach until a "final" judgment is entered - including the exhaustion of all appeals. Consequently, if the District Court proceedings were to resume before the exhaustion of all appeals arising from the PTO reexamination proceedings, the parties would end up re-litigating the same prior art considered in the reexamination.

Finally, the reexamination proceedings with respect to claims 1-10 and 18-39 are also incomplete since Defendants have the right to appeal the adverse decision on those claims via petition to the Commissioner under 37 C.F.R. 1.927 and 1.181. Significantly, the Commissioner is required to undertake a "de novo" review of the Examiner's decision denying the request for reexamination. M.P.E.P. Section 2648. Defendants' already-filed Petition includes independent Expert testimony explaining the mistakes in the Patent Examiner's analysis of the prior art and

provides compelling reasons to overturn the Examiner's decision, particularly under the required de novo review.

Given that all claims of the '562 patent are still the subject of various PTO appeal procedures and that the Patent Office is currently reexamining the validity of the '912 patent, Defendants respectfully submit that Ruckus' request to lift the stay is premature, inefficient, and counter-productive. It is premature because all claims of both patents remain under attack in the PTO. It is inefficient because Ruckus would have the parties engage in piecemeal litigation which would require the same discovery to be provided multiple times. And, it is counter-productive because the pendency of the various appeal procedures in the PTO means that there is currently no prior art estoppel. If the stay is lifted before all appeals of the PTO decisions regarding the '562 patent are exhausted, then Defendants remain free to litigate the same prior art before this Court as they raised in the reexamination – a result that would defeat one of the primary benefits that inter partes reexamination was intended to provide.

Respectfully submitted,

Dated: May 22, 2009          CARR & FERRELL *LLP*

By:      /s/ Colby B. Springer
    ROBERT J. YORIO (SBN 93178)
    COLBY B. SPRINGER (SBN 214868)
    TAM THANH T. PHAM (SBN 229090)
    CARR & FERRELL LLP
    2200 Geng Road
    Palo Alto, California 94303
    Telephone: (650) 812-3400
    Facsimile: (650) 812-3444

Attorneys for Plaintiff and Counter-Defendant
RUCKUS WIRELESS, INC.

| | |
|---|---|
| Dated: May 22, 2009 | FISH & RICHARDSON P.C. |
| | |
| | By:     /s/ David M. Barkan |
| |       DAVID M. BARKAN (SBN 160825) |
| |       JOSHUA M. MASUR (SBN 203510) |
| |       THOMAS B. MANUEL (SBN 254186) |
| |       500 Arguello Street, Suite 500 |
| |       Redwood City, California 94063 |
| |       Telephone: (650) 839-5070 |
| |       Facsimile: (650) 839-5071 |
| | |
| | Attorneys for Defendants and Counter-Plaintiffs |
| | NETGEAR, INC. and RAYSPAN CORPORATION |

**GENERAL ORDER 45: ATTESTATION OF SIGNATURES**

Pursuant to General Order No. 45, section X(B) regarding signatures, I attest under penalty of perjury that the concurrence in the filing of this document has been obtained from its signatories.

Dated: May 22, 2009       By: _/s/ Colby B. Springer____
                                                                COLBY B. SPRINGER