UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUCKUS WIRELESS, INC.,

    Plaintiff,

    v.

NETGEAR, INC.,

    Defendant.

_____/

No. C 08-2310 PJH

**ORDER GRANTING MOTION TO STRIKE**

Defendant's motion to strike counts three and four of plaintiff's second amended complaint came on for hearing before this court on May 22, 2013. Plaintiff Ruckus Wireless, Inc. ("plaintiff") appeared through its counsel, Colby Springer. Defendant Netgear, Inc. ("defendant") appeared through its counsel, Nina Wang and Mary Sooter. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS defendant's motion, for the reasons stated at the hearing and as follows.

Under Federal Rule of Civil Procedure 15(a)(2), plaintiff is required to obtain the opposing party's written consent or leave of court before amending its complaint. Plaintiff admits that it did not obtain defendant's written consent to file the second amended complaint ("SAC"), but instead argues that the court's instructions at the January 3, 2013 case management conference allowed it to add two new claims (for breach of contract and trade secret misappropriation). Specifically, the court ordered plaintiff to file an amended complaint in order to consolidate both of plaintiff's patent infringement cases into a single complaint. See Dkt. 95. The court also made clear that no new patents or accused products were to be added to the complaint. Id. Plaintiff now argues that the court's order

only placed limits on its ability to add new patents or accused products, and otherwise granted blanket leave to add any number of new causes of action. Plaintiff's interpretation of the court's order simply strains credulity. The court granted leave to amend only so that plaintiff could consolidate its two complaints into a single complaint. The court was not made aware that plaintiff intended to assert these two new causes of action, so it could not have granted leave to add those claims. Thus, the SAC exceeds the scope of the court's order granting leave to amend, and the third and fourth causes of action are stricken. If plaintiff wishes to amend its complaint to add those claims, it can either obtain defendant's written consent or file a motion for leave to amend its complaint.

**IT IS SO ORDERED.**

Dated: May 28, 2013

PHYLLIS J. HAMILTON
United States District Judge