1

2

3            UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5

6

7    RUCKUS WIRELESS, INC.,

             Plaintiff,                        No. C 08-2310 PJH
8
        v.                                     **ORDER DENYING MOTION FOR**
9                                              **LEAVE TO AMEND COMPLAINT**
     NETGEAR, INC.,
10
             Defendant.
11   _____/

12

13        Plaintiff's motion for leave to amend the complaint came on for hearing before this

14   court on July 24, 2013.  Plaintiff Ruckus Wireless, Inc. ("plaintiff" or "Ruckus") appeared

15   through its counsel, Colby Springer.  Defendant Netgear, Inc. ("defendant" or "Netgear")

16   appeared through its counsel, Nina Wang and Mary Sooter.  Having read the papers filed in

17   conjunction with the motion and carefully considered the arguments and the relevant legal

18   authority, and good cause appearing, the court hereby DENIES plaintiff's motion as follows.

19        Ruckus seeks leave to file an amended complaint with two new causes of action, for

20   breach of contract and misappropriation of trade secrets.  As an initial matter, the court

21   notes that Ruckus has taken inconsistent positions regarding the factual basis of its

22   proposed breach of contract claim.  In its opening motion, Ruckus alleges that "Netgear

23   agreed to pay Ruckus a per unit royalty rate for every wireless router sold as part of the

24   WPN824 product line," and by failing to pay royalties for version 3 of its router, Netgear

25   breached the licensing contract between the parties.  Dkt. 114 at 7.  However, in its reply,

26   Ruckus argues that its breach of contract claim is not based solely on a license agreement

27   allowing Netgear to use the asserted patents.  Instead, the reply asserts that Netgear also

28   breached the contract when it "improperly shared Ruckus' proprietary and confidential

United States District Court

For the Northern District of California

1  technologies with one or more third parties in violation of the parties' agreement."[1]  Dkt. 118

2  at 11-12.  The reply also (confusingly) states that "Ruckus has expressly alleged that

3  Netgear was not licensed to practice the asserted patent claims in making, using, selling,

4  and offering to sell the accused product (Version 3)," and that "Netgear did not have a

5  license to practice the claimed invention."  Id. at 12.  At the hearing, counsel for Ruckus

6  reaffirmed this apparent clarification of its breach of contract theory, explaining that Ruckus

7  no longer contends that version 3 of the router was covered by any license agreement, and

8  instead, its proposed breach of contract claim is based on Netgear's alleged disclosure of

9  confidential information.  Thus, based on its representations in reply and at the hearing, the

10  court treats Ruckus' proposed breach of contract claim as arising only out of Netgear's

11  alleged disclosure of confidential information.  Ruckus' most recent representations are

12  also consistent with its original complaint, which stated that "[t]here is no contractual

13  obligation or license by and between Ruckus and Netgear (or any proxy thereof, including

14  but not limited to Rayspan) that permits the incorporation of any Ruckus intellectual

15  property in any Netgear WPN product other than the 824v1 and 824v2."  Dtk. 1 at 6.  Thus,

16  both the proposed breach of contract claim and the proposed trade secret claim are based

17  on the same alleged conduct by Netgear - the improper disclosure of Ruckus' confidential

18  and proprietary information.

19      Ruckus concedes that it "suspect[ed]" Netgear's improper disclosure of confidential

20  information at least as early as September 11, 2008, when it filed its first case management

21  statement.  Dkt. 34 at 5.  However, Ruckus did not formally seek to amend its complaint

22  until June 10, 2013 (and even its since-stricken amended complaint was not filed until

23  March 13, 2013).  The applicable limitations period for a breach of contract claim is four

24  years, and the limitations period for a trade secret misappropriation claim is three years.

25

26      [1]Ruckus also argues that Netgear is contractually liable for Ruckus's attorneys' fees and
costs, but that provision provides for such fees and costs to be paid to "the prevailing party."
27  Because there is not yet a prevailing party, Ruckus cannot yet bring a breach of contract claim
based on that provision.
28

1    Thus, Ruckus' breach of contract claim was time-barred as of September 11, 2012, and its

2    trade secret claim was time-barred as of September 11, 2011.  At the hearing, Ruckus

3    attempted to justify its delay by arguing that it was not able to confirm Netgear's improper

4    disclosure until March 5, 2013.  Even if the court ignores the fact that Ruckus did not raise

5    this argument in its motion nor in its reply, Ruckus' argument is still unavailing.  The statute

6    of limitations clock starts to run when a party "at least suspects, or has reason to suspect, a

7    factual basis for its elements."  Norgart v. Upjohn Co., 21 Cal.4th 383, 389 (1999).  As

8    stated above, on September 11, 2008, Ruckus expressly represented that it "suspects that

9    Netgear intentionally and/or negligently disclosed certain proprietary information."  Dkt. 36

10   at 5 (emphasis added).  Moreover, Ruckus argues that Netgear had adequate notice of its

11   proposed claims (for evidence preservation purposes) in 2008, and thus cannot show any

12   prejudice that would result from amendment.  Ruckus cannot have it both ways -

13   simultaneously arguing that Netgear had sufficient notice of Ruckus' claims such that it

14   cannot now claim prejudice, and that Ruckus itself did not have an adequate basis for its

15   claims until March 5, 2013.  Finally, Ruckus argues that its proposed claims should relate

16   back to the date of its original complaint, but the original complaint alleges only that

17   Netgear infringed the patents-in-suit, and does not allege that Netgear improperly disclosed

18   any of Ruckus' confidential information.  For these reasons, the court finds that Ruckus'

19   proposed breach of contract and trade secret misappropriation claims are time-barred, and

20   thus DENIES Ruckus' motion for leave to file an amended complaint, because amendment

21   would be futile.

22        **IT IS SO ORDERED.**

23

24   Dated: July 29, 2013

25                                                                         _____
                                                                            PHYLLIS J. HAMILTON
                                                                            United States District Judge

26

27

28