UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUCKUS WIRELESS, INC.,

    Plaintiff,

    v.

NETGEAR, INC.,

    Defendant.
_____/

No. C 08-2310 PJH

**ORDER DENYING MOTION FOR STRIKE**

Before the court is plaintiff's motion to strike, filed on July 19, 2013. Having read the papers filed in conjunction with the motion and carefully considered the arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES plaintiff's motion as follows.

Plaintiff requests that the court strike section II of defendant's amended invalidity contentions, arguing that defendant "has attempted to contravene pre-[America Invents Act] § 315 by asserting patents and publications that it raised or could have raised during its previous attempt to invalidate the patents-in-suit through inter partes reexamination of the '562 patent."

Here, the court finds it useful to clarify the exact scope of the reexamination proceedings relating to the '562 patent. Defendant originally requested that the PTO reexamine all 36 claims of the '562 patent, but the PTO granted the reexamination request only as to claims 11-17. In so doing, the PTO made clear that the reexamination petition did "not present a substantial new question of patentability with respect to claims 1-10 and 18-36," and thus it was "outside [the] Examiner's jurisdiction to determine patentability of claims 1-10 and 18-36." Dkt. 123, Ex. B at 3. Defendant asked the PTO to reconsider its

decision not to reexamine claims 1-10 and 18-36, but the PTO denied the request. Dkt. 123, Ex. C. Thus, claims 1-10 and 18-36 were never reexamined. As to the other patent-in-suit (the '486 patent), defendant never sought reexamination, and thus no claims of the '486 patent were ever reexamined.

The applicable (pre-America Invents Act) version of section 315(c) reads as follows:

> A third-party requester whose request for an inter partes reexamination results in an order under section 313 is estopped from asserting at a later time, in any civil action arising in whole or in part under section 1338 of title 28, United States Code, the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceeding.

Thus, the estoppel provision only applies to requests which result in "an order under section 313," and applies only to the assertion of "the invalidity of any claim finally determined to be valid and patentable on any ground which the third-party requester raised or could have raised during the inter partes reexamination proceeding." Section 313, in turn, provides that:

> If, in a determination made under section 312(a), the director finds that a substantial new question of patentability affecting a claim of a patent is raised, the determination shall include an order for inter partes reexamination of the patent for resolution of the question.

Thus, an "order under section 313" is issued only if the PTO finds a substantial new question of patentability. As explained above, the PTO found no substantial new question of patentability as to claims 1-10 and 18-36 of the '562 patent, which means that no "order under section 313" could have issued, and thus, the estoppel provision of section 315(c) does not apply. Plaintiff's argument with respect to the '486 patent is even weaker, because not only did the PTO not find a substantial new question of patentability as to the claims of the '486 patent, but no reexamination petition was ever filed by defendant. Thus,

2

plaintiff's motion to strike is DENIED.

**IT IS SO ORDERED.**

Dated: December 16, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge